**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAEDEN CONDAPPA, | ) | CASE NO. 3:26-CV-00933-DAR |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| FIELD OFFICE DIRECTOR, DETROIT | ) | CARMEN E. HENDERSON |
| FIELD OFFICE, U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, OFFICIAL | ) | **REPORT AND RECCOMENDATION** |
| CAPACITY, | ) | |
| | | |
| Defendants, | | |

## I.    Introduction

Pending before the Court is Petitioner Jaeden Condappa's Petition for Writ of Habeas Corpus and Emergency Injunctive Relief, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (ECF No. 1). The matter was referred to the undersigned for report and recommended decision. (ECF No. 4). For the reasons set forth below, it is RECOMMENDED that the Court GRANT the petition.

## II.    Background

Petitioner "is a native and citizen of the United Kingdom. Ex. A, Form I-94. He was last admitted to the United States as a tourist on April 29, 2025, via use of the Visa Waiver Program ("VWP") pursuant to 8 U. S. C. § 1187(a)."[1] (ECF No. 1 at ¶ 14). Petitioner entered and departed the United States pursuant to the Visa Waiver Program for visits less than 90 days. (*Id.*). However, Petitioner was required to depart the United States no later than July 27, 2025. (ECF No. 8-2 at

---

[1] Under the VWP, "aliens from certain countries... may visit the United States for 90 days or less without a visa." 8 U.S.C. § 1187(a) (2000 and Supp. II 2002); 8 C.F.R. § 217.2 (2006).

1

PageID#: 83). On August 2, 2025, Petitioner married Kaela Stanley, a United States citizen. (ECF No. 1 at ¶ 15). On September 16, 2025, Kaela Stanley, filed a Petition for Alien Relative, and listed Condappa as a beneficiary. (ECF No. 1-5 at PageID #: 38). In October 2025, the Petitioner filed Form I-485, Application to Register Permanent Residence or Adjust Status. (ECF No. 1-6 at PageID #: 39). Both applications are now pending. (ECF No. 1 at ¶ 17).

On February 24, 2026, Petitioner was arrested at his home in Greenwich, Ohio by a deputy sheriff and ICE officers. (ECF No. 1 at ¶ 18). Petitioner alleges that he was asked to "come outside with [the officer] to his vehicle so that [the Petitioner] could fill out a witness statement." (ECF No. 1 at ¶ 18). Petitioner further alleges the officers told him that he had overstayed his visa and "there was a warrant for his arrest in the United Kingdom." (*Id.*). On the same day, after Petitioner was taken into custody, the Department of Homeland Security issued a Notice of Intent to Issue a Final Administrative Removal Order ("FARO"). (ECF No. 1-7 at PageID #: 40-41).

On February 27, 2026, Petitioner's case for removal was referred to an immigration judge for consideration of an application for asylum and related protective relief pursuant to 8 C.F.R. 1208.2(c)(1)(iii).[2] (ECF No. 1-8 at PageID #: 42-43). Petitioner's first hearing was held on March 24, 2026. (ECF No. 1 at ¶ 21). Petitioner's "asylum only" application is now pending with a non-trial master hearing set for April 21, 2026. (*Id.* at ¶ 23). Petitioner is currently detained in ICE custody at the Seneca County Jail in Tiffin, (ECF No. 8 at PageID#: 71).

---

[2] Noncitizens admitted under the VWP "forfeit any right to challenge their removal, except that they may apply for asylum." 8 U.S.C. § 1187(b); 8 C.F.R. § 217.4(a) (2006). Visa Waiver Program participants who do apply for asylum are processed in "asylum-only proceedings." 8 C.F.R. § 208.2(c)(iii) (2006). "Unless granted relief in... [asylum-only] proceedings, the Visa Waiver [Program] applicant can be removed without further proceedings." 8 C.F.R. § 217.4(a)(1) (2006)).

### III.    Procedural History

On April 20, 2026, Petitioner, through counsel Emily Brown, filed the instant petition for habeas corpus and request for emergency injunctive and declaratory relief in the United States District Court for the Northern District of Ohio. (ECF No. 1). On April 27, 2026, the undersigned issued an Initial Order, instructing Respondents to file a response to the petition. (ECF No. 5). Respondents filed their return of writ on May 11, 2026. (ECF No. 8). Petitioner filed his response on May 18, 2026. (ECF No. 9).

### IV.    Arguments

Petitioner asserts that his detention is in violation of statutory law as "[n]o immigration statute aside from 8 U. S. C. § 1226(a) authorizes the petitioner's ongoing and continued civil immigration detention." (ECF No. 1 at ¶ 40). Petitioner further argues that "the government's administrative precedent denies the petitioner his right to pursue release from custody before an immigration judge as guaranteed by him under § 1226(a)(2) and its implementing regulations which are consistent with the statute and due process." (ECF No. 1 at ¶ 41). Petitioner concludes that "[his] ongoing and continued civil immigration detention is unlawful." (ECF No. 1 at ¶ 42).

Petitioner also asserts that his detention is in violation of the Due Process Clause. (ECF No. 1 at ¶ 44). Specifically, the Board of Immigration Appeals mandatory detention rule established in *Matter of A-W-*, 25 I. & N. Dec. 45 (BIA 2009), "is not premised upon a special justification that outweighs the deprivation of liberty at stake" nor "related to any legitimate government objective because it is arbitrary or purposeless." (ECF No. 1 at ¶¶ 45, 46). Thus, Petitioner concludes that "[his] subjection to mandatory detention under *Matter of A-W-* violates constitutional due process." (*Id.* at ¶ 47). Thus, Petitioner seeks "a writ of habeas corpus ordering: (1) that he be immediately released from the respondent's custody; or (2) that he be

3

immediately given a custody redetermination before an immigration." (*Id.* at ¶ 43).  As well as "a prohibition against the government from seeking a stay of the immigration judge's custody order either automatically, on an emergency basis, or otherwise without a meaningful opportunity for the petitioner to respond and be heard." (*Id.*)

Respondent argues that "Petitioner is subject to mandatory detention as a VWP violator that has been issued a final administrative order of removal." (ECF No. 8 at 3). Respondent asserts that "[t]he statutory authority to detain a VWP Violator is found in 8 U.S.C. § 1187(c)(2)(E), not 8 U.S.C. § 1226." (*Id.*; *see Matter of A-W-*, 25 I&N Dec. 45, 47-48, 2009 WL 8628885, at *3 (BIA 2009)). Respondent also asserts that Petitioner is subject to mandatory detention "… [b]ecause the Petitioner has been issued a Final Administrative Order of Removal, which is not subject to judicial review, he is detained pursuant to 8 U.S.C. § 1231(a)(2)." (ECF No. 8 at 5). Respondent further argues that "Petitioner's due process concerns do not rise to the level of requiring a bond hearing pursuant to 8 U.S.C. § 1226." (*Id.* at 7). Respondent also alleges that "according to information[3] provided by ICE's Homeland Security Investigations (HSI) Attaché in London, United Kingdom, Petitioner is wanted for failure to register as a sex offender, having child pornography on electronic devices, and also under investigation for rape in the United Kingdom." (*Id.* at 8).

## V.    Discussion
### A.  Jurisdiction

This Court has jurisdiction under U.S. Const., Art. I, § 9, cl. 2 as the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). And

---

[3] The Court notes that Respondent's allegations are solely supported by the Declaration of Ryan Serevitch. (ECF No. 8-1, PageID #: 79).

4

under 28 U.S.C. § 2241, district courts have authority to grant writs of habeas corpus to petitioners who show that they are in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(a), (c)(3). While Congress has enacted statutes limiting judicial review of certain immigration related decisions, habeas relief remains available to those challenging the constitutionality of their detention. *Hamama v. Adducci*, 912 F.3d 869, 877 (6th Cir. 2018); *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvysdas v. Davis*, 533 U.S. 678, 688 (2001).

### B.  Statutory Interpretation

"[C]ourts must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024). Even when a statute delegates discretionary authority to an agency, the reviewing court must independently interpret the statute and "effectuate the will of Congress subject to constitutional limits." *Id.* at 395. "In an agency case as in any other, though, even if some judges might (or might not) consider the statute ambiguous, there is a best reading all the same—the reading the court would have reached if no agency were involved." *Id.* at 399. Courts should apply all relevant interpretive tools to determine the best statutory interpretation. *Id.* at 400. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *City & Cnty. of San Francisco, California v. Env't Prot. Agency*, 604 U.S. 334, 350 (2025).

### A.  Petitioner Is Not Detained Pursuant to Section 1187(c)(2)(E)

Respondent contends that "[t]he statutory authority to detain a VWP Violator is found in 8 U.S.C. § 1187(c)(2)(E)." (ECF No. 8, at 4). Respondents rely solely on *Matter of A-W-*, in which the Bureau of Immigration Appeals ("BIA") ruled that VWP aliens are not subject to

detention under § 1226 but are instead detained pursuant to 8 U.S.C. § 1187(c)(2)(E). 25 I. & N.

Dec. at 47-48. However, Section 1187(c)(2)(E) provides the following:

> (c) Designation of [Visa Waiver] program countries
>
> ...
>
> (2) Qualifications
>
> Except as provided in subsection (f), a country may not be designated as a program country unless the following requirements are met:
>
> ...
>
> (E) The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.
>
> ....
>
> 8 U.S.C. § 1187(c)(2)(E).

Although this is a case of first impression in the Sixth Circuit, the majority of District

Courts that have decided whether a noncitizen who has violated the VWP can be detained under

§ 1187(c)(2)(E) have found § 1187(c)(2)(E) is not a valid basis for detention. Specifically, "[t]he

text of § 1187(c)(2)(E) says nothing about DHS's authority to arrest and detain a person who has

overstayed under the [Visa Waiver Program]." *Molina v. Soto*, No. 25CV16880 (EP), 2025 WL

3281820, at *3 (D.N.J. Nov. 25, 2025). Another district court noted this statutory silence,

"[p]erhaps the biggest roadblock to the government's claim that § 1187(c)(2)(E) provides

detention authority is the code section's failure to mention detention at all." *Malets v. Horton*,

No. 420CV01041-MHH-SGC, 2021 WL 11549981, at *2 n.7 (N.D. Ala. Jan. 11,

2021), *adopted*, 2021 WL 4197594 (N.D. Ala. Sept. 15, 2021). The text of § 1187 is silent on the

issue of detention and simply lists the requirements for countries seeking to be designated as eligible under the statute and for noncitizens applying to participate in the program. *Id.*

Therefore, "most federal courts that have directly addressed whether a noncitizen who has violated the Visa Waiver Program can be detained pursuant to § 1187(c)(2)(E) have held that § 1187(c)(2)(E) is not a valid basis for detention." *Quispe v. Becerra*, No. 1:25-CV-2002 CSK, 2025 WL 3774570, at *4-5 (E.D. Cal. Dec. 31, 2025) (citing *Molina*, 2025 WL 3281820, at *2-3) (finding that habeas petitioner, a VWP noncitizen who was challenging the validity of his removal order, was unlawfully detained under 8 U.S.C. § 1225(b) but could be detained under § 1226(a) subject to a bond hearing; granting petition and directing respondents to provide petitioner with a bond hearing); *Romance v. Warden York Cnty. Prison*, No. 3:20-cv-00760, 2020 WL 6054933, at *4 (M.D. Pa. July 28, 2020) (finding that habeas petitioner, a VWP noncitizen who was still in asylum proceedings, was detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing), *adopted*, 2020 WL 6047594 (M.D. Pa. Oct. 13, 2020); *Neziri v. Johnson*, 187 F. Supp. 3d 211, 213 (D. Mass. 2016) ("The BIA offers no explanation, however, as to why the Secretary of Homeland Security cannot delegate any [bond-setting] authority to the Immigration Judge under 8 U.S.C. § 1226(a) or where in 8 U.S.C. § 1187(c)(2)(E) the BIA finds the Secretary of Homeland Security's authority to detain aliens.")).

This Court agrees with nation-wide courts finding "the VWP does not have its own detention provision, and the detention of an alien ... must instead arise from one of the other statutory provisions expressly covering aliens subject to detention during their removal proceedings." *Quispe*, 2025 WL 3774570, at *5 (quoting *Gjergj G.*, 2019 WL 1254561, at *2; citing *Romance*, 2020 WL 6054933, at *4) (acknowledging that the petitioner's detention did not fit neatly into "any of the normal detention categories" but determining that § 1226(a) applied

because otherwise there would be no applicable statutory basis for his detention and he essentially would receive a windfall for overstaying the VWP); *see also Emila N. v. Ahrendt*, Civ. Action No. 19-5060 (SDW), 2019 WL 1123227, at \*3 (D.N.J. Mar. 12, 2019).

Finding Petitioner is not detained pursuant to § 1187 (c)(2)(E), the Court now turns Respondent's contention that the Petitioner is subject to mandatory detention under § 1231 due to his receipt of the VWP Removal Order.

**B. Petitioner is not Subject to a Final Removal Order under Section 1231**

According to Respondent, "Petitioner is subject to detention pursuant to 8 U.S.C. § 1231(a)(2) because he has been issued a Final Administrative Removal Order." (ECF No. 8, at 5). Respondent further contends, "[s]hould this Court not agree that Petitioner is under mandatory detention pursuant to 8 U.S.C. § 1231(a)(2), he will be soon, when the Immigration Judge makes a decision on his asylum application. Once there is a decision on the Petitioner's asylum application, the VWP Removal Order becomes final." (ECF No. 8, at 6) (citing *Nicusor-Remus v. Sessions*, 902 F.3d 895, 898 (9th Cir. 2018)). Petitioner asserts that "the government's administrative precedent denies the petitioner his right to pursue release from custody before an immigration judge as guaranteed by him under § 1226(a)(2)." (ECF No. 1 at ¶ 41).

However, § 1231 governs detention of noncitizens who have been ordered removed. Subsection (a)(2) requires detention of noncitizens during the removal period, which normally begins on the date the removal order becomes administratively final. Although the Sixth Circuit has yet to address this specific issue, circuits courts across the country have concluded that a VWP Removal Order does not constitute a final order of removal until the VWP participant's

asylum application, has been denied. *See Salomao v. Garland*, No. 20-1856, 2022 WL 1301773, at *3 (4th Cir. May 2, 2022) ("[D]enying a VWP participant's relief in an asylum-only proceeding functions like a final order of removal...."); *Nicusor-Remus v. Sessions*, 902 F.3d 895, 898 (9th Cir. 2018) ("[T]he denial of an asylum application in asylum-only proceedings 'finalizes' DHS's removal order of a VWP entrant because the VWP entrant is entitled to no other forms of relief."); *Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008) (construing the "final disposition of an asylum-only proceeding" in VWP case as the final order of removal); *Shehu v. Att'y Gen. of U.S.*, 482 F.3d 652, 656 (3d Cir. 2007) ("We hold that a denial of a VWP applicant's petition for asylum, withholding of removal, and relief under the CAT constitutes 'a final order of removal' within the meaning of the statute, as the alien is entitled to no further process before deportation."); *Nreka v. Att'y Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) ("The denial of an asylum application in a [VWP] proceeding is so closely tied to the removal of the alien that it can be deemed—in conjunction with the referral to the immigration judge—as a final order of removal, subject to [8 U.S.C.] § 1252(a)(1)."). Here, Respondent represents that ICE issued a VWP Final Administrative Removal Order on May 10, 2026, and served Petitioner on May 11, 2026. (ECF No. 8, at 3). Still, as Respondent concedes, Petitioner filed an application for asylum during his detention and his asylum case is still pending. (ECF No. 8, at 3) (ECF No. 1, at ¶¶ 21-23). Because the administrative proceeding to determine Petitioner's removability is ongoing, he is not subject to an administratively final removal order.

As determined above, Petitioner's detention falls under neither § 1187(c)(2)(E), nor § 1231. Petitioner is "detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). §1226(a) provides noncitizens "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Noncitizens

9

detained under § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) ("It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings. Consequently, the government may not deny 'notice' or 'an opportunity to be heard' to a noncitizen who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here.").

Accordingly, his detention is governed by § 1226(a), and he is entitled to a bond hearing. Because the Immigration Court is in the best position to evaluate Petitioner's risk of non-appearance and dangerousness, this Court leaves to its sound discretion a determination on that issue. Moreover, this Court determined Condappa's petition on the statutory issue, thus this Court need not address Condappa's constitutional claims. Therefore, this Court recommends the District Court grant Condappa's petition and Respondents (1) bring Condappa for an individualized bond hearing before an immigration judge or (2) release Condappa under reasonable conditions of supervision.

10

## VI.     Recommendation

For the reasons discussed above, I recommend that the Court grant Condappa's petition as to Count One. I recommend Respondents bring Condappa for an individualized bond hearing before an immigration judge or release Condappa under reasonable conditions of supervision.

Dated: June 8, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).