**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAEDEN CONDAPPA, | ) | CASE NO. 3:26-cv-00933 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| FIELD OFFICE DIRECTOR, DETROIT FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

## I. Procedural Background

Petitioner Jaeden Condappa, represented by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 20, 2026, raising two grounds for relief: (1) that his civil immigration detention violates 8 U.S.C. § 1226(a); and (2) that his civil immigration detention violates due process. (R. 1). The petition requested that Petitioner be immediately released from immigration custody or, alternatively, be given a custody redetermination hearing before an immigration judge with adequate procedural safeguards. *Id*. at PageID# 11.

This matter was referred to the assigned magistrate judge for preparation of a Report and Recommendation. (R. 4). Petitioner is a citizen of the United Kingdom. (R. 1, PageID# 4). Unlike the vast majority of the recent § 2241 immigration related cases before this Court,

Petitioner was in the United States pursuant to a Visa Waiver Program ("VWP"). It is undisputed that Petitioner overstayed his visa, as the Petition concedes as much.[1] (R. 1, PageID# 5, ¶15). After Petitioner overstayed his visa, he married a U.S. Citizen. *Id*.

On February 24, 2026, Petitioner was taken into custody by immigration officers. (R. 1, PageID# 5, ¶18).[2] On February 27, 2026, Petitioner's case for removal was referred to an immigration judge for consideration of an application for asylum. (R. 1-8, PageID# 42-43). Petitioner asserts a first hearing was held on March 24, 2026 related to his asylum claim. (R. 1, PageID# 6, ¶21).

On April 6, 2026, Petitioner, through counsel Michael Ede, completed an Application for Asylum and for Withholding of Removal form. (R. 27-1, PageID# 232-40). He claimed asylum from removal based on his race, religion, and membership in a particular social group. *Id*. at PageID# 236. He also indicated a fear of torture in his home country, the United Kingdom. *Id*. at PageID# 237.[3]

On May 28, 2026, Petitioner's request for asylum was withdrawn, withholding of removal under the Immigration and Nationality Act was withdrawn, withholding of removal under the Convention Against Torture was withdrawn, and deferral of removal under the

---

[1] Petitioner was required to depart the United States no later than July 27, 2025 (ECF No. 8-2 at PageID# 83).

[2] According to the sworn declaration of a deportation officer, Petitioner came to the attention of ERO Detroit (Cleveland) on February 23, 2026, based on an investigative lead regarding his criminal history in the United Kingdom. (R. 8-1, PageID# 80, ¶8). Based on information from the HSI Attaché in London, United Kingdom, Petitioner "is wanted for failure to register as a sex offender, having child pornography on electronic devices, and also under investigation for rape in the United Kingdom." *Id*. at ¶9; *see also* R. 27-6, PageID# 323.

[3] Petitioner did not explain the basis for this claim, but there is a notation stating "Please see attached personal statement." (R. 27-1, PageID# 237). Nevertheless, there is no contemporaneous personal statement attached to the exhibit.

Convention Against Torture was withdrawn. (R. 27-2, PageID# 247).

On June 8, 2026, Magistrate Judge Carmen E. Henderson prepared a Report and Recommendation (R&R) recommending the Court grant Condappa's petition as to Count One, specifically recommending Respondents bring Condappa for an individualized bond hearing before an immigration judge or release Condappa under reasonable conditions of supervision. (R. 10, PageID# 126). The R&R determined that Petitioner was not subject to a Final Administrative Removal Order ("FARO"), reasoning that "[a]lthough the Sixth Circuit has yet to address this specific issue, circuits courts across the country have concluded that a VWP Removal Order does not constitute a final order of removal until the VWP participant's asylum application, has been denied. (R. 10, PageID# 123-124, collecting cases).

On June 22, 2026, Respondents filed objections to the R&R. (R. 11).[4] This is the first occasion where either party informed the Court that Petitioner had withdrawn his petition for asylum on May 28, 2026, as well as any other form of withholding of removal. (R. 11, PageID# 128, R. 11-1, PageID# 132, Exh. A). Although the asylum application had been withdrawn prior to the issuance of the R&R, the docket does not reflect that this development was brought to the attention of the magistrate judge.

On July 14, 2026, Petitioner filed a "Motion for Immediate Release to Facilitate Attendance at USCIS Interview" in connection with a Form I-130, Petition for Alien Relative, filed by Petitioner's U.S. citizen spouse (R. 14), which Respondent opposed. (R. 15). On July 17, 2026, this Court denied Petitioner's request for immediate release in its entirety, but did grant Petitioner's unopposed oral motion to allow him to attend his marriage-based permanent

[4] Petitioner filed a response to the objections (R. 12), and Respondents filed a Notice of Additional Authority. (R. 13)

residency interview remotely. (R. 20).

In the meantime, on July 23, 2026, Petitioner, *pro se*, filed a petition with the Sixth Circuit Court of Appeals in Case No. 26-3670, claiming that "DHS denied him due process by issuing the FARO prior to the adjudication of his adjustment-of-status proceedings, wrongfully arrested him on an undisclosed charge, coerced him to waive his rights, and forced him into asylum-only proceedings." (*See* Sixth Circuit Docket for Case No. 26-3670, R. 14-1, Page 2).

In the case before this Court, on August 11, 2026, Petitioner, through counsel, filed a notice with the Court indicating that "his appeal of the immigration judge's May 28, 2026 decision was accepted by the Board of Immigration Appeals on August 10, 2026." (R. 21, PageID# 173).

On August 13, 2026, DHS filed a motion for summary dismissal and a motion to expedite the proceedings before the Board of Immigration Appeals ("BIA"). (R. 22, PageID# 179; R. 22-1, PageID# 182; R. 27-5, PageID# 259-65). On August 27, 2026, Petitioner filed a response in opposition to the motion to expedite. (R. 27-6, PageID# 294-99).

Meanwhile, on August 19, 2026, the Sixth Circuit issued an Order that found a Final Administrative Removal Order (FARO) had been issued on May 10, 2026. (R. 27-8, PageID# 329-31; *see also* R. 27-6, PageID# 315).

On September 22, 2026, a petition for rehearing was denied. (R. 27-10, PageID# 334).

## II. Analysis

The Sixth Circuit Court of Appeals' decision dated August 19, 2026 has largely mooted Petitioner's claims herein.

### A. Ground Two: Due Process Violation

With respect to Petitioner's second claim—that his civil immigration detention violates

due process—the Court of Appeals noted its prior decisions that stand for the proposition that "[o]rdinarily, due to the reciprocal-waiver requirement, federal courts lack jurisdiction over non-asylum-based, due-process challenges to the removal of a VWP visitor." (R. 27-8, PageID# 330, *citing Mendez Perez v. Whitaker*, 748 F. App'x 51, 53 (6th Cir. 2019) (*quoting Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007)). The Court of Appeals further observed that "this court has held that a VWP participant who applies for adjustment of status after overstaying his authorization is not 'endowed . . . with constitutional due-process rights' that would allow for this court's review." *Id*. (citations omitted). In *Mendez Perez*, the Sixth Circuit Court of Appeals explained that federal jurisdiction in VWP cases remains only for two questions—(1) whether the petitioner entered the United States under the VWP; and (2) whether he asked for asylum. 748 F. App'x at 53. Herein, the Sixth Circuit did not address these two issues in Condappa's petition because it found his petition was untimely. (R. 27-8, PageID# 330). In any event, it is undisputed that Petitioner entered the United States under the VWP. Further, as stated above, Petitioner withdrew his asylum claim. As such, the Court lacks jurisdiction to consider his due process claim.

**B. Ground One: Alleged Violation of 8 U.S.C. § 1226(a)**

With respect to Petitioner's claim that his civil immigration detention violates 8 U.S.C. § 1226(a), the Court disagrees. As determined by the Sixth Circuit Court of Appeals on August 19, 2026, "[t]he FARO issued by DHS on May 10, 2026, concluding that Condappa was removable based on a violation of the VWP, is a 'final order of removal.'" (R. 27-8, PageID# 330, *citing Riley v. Bondi*, 606 U.S. 259, 267 (2025)).

"While removal proceedings are in progress, most aliens may be released on bond or paroled. 66 Stat. 204, as added and amended, 110 Stat. 3009–585, 8 U.S.C. §§ 1226(a)(2), (c)

(1994 ed., Supp. V). By contrast, *after* entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody. § 1231(a)(2)." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001); *accord Nadaud v. Emerson*, No. 1:26-CV-658, 2026 WL 815816, at *2 (W.D. Mich. Mar. 25, 2026) ("Because Petitioner has a final order of deportation, which orders his removal, Petitioner's present detention is governed by 8 U.S.C. § 1231").

Petitioner's counsel has argued that because Condappa appealed the immigration court's decision to the BIA, his order of removal is not final and he remains detained pursuant to 8 U.S.C.§ 1226(a). (R. 12, PageID# 134). Petitioner, however, had not identified the substance of his appeal, and had not provided any of the filings submitted to the BIA as exhibits to this Court. Therefore, the Court ordered the parties to file additional exhibits. (R. 26).

As stated above, on August 19, 2026, the Sixth Circuit issued an Order that found a FARO had been issued on May 10, 2026. Petitioner withdrew his petition for asylum on May 28, 2026, as well as any other form of withholding of removal. (R. 11, PageID# 128, R. 11-1, PageID# 132, Exh. A). Thus, the FARO remains in place. Petitioner argues that he has an ongoing appeal and that, therefore, a FARO is lacking, and suggests a Western District of Texas case, first cited by Respondent, actually supports his position. (R. 12, PageID# 135; R. 11, PageID# 128). That court stated:

> However, courts of appeals that have considered the issue in the past have all held that a FARO in a VWP case is not final until the alien's asylum application, if any, has been denied. (Docket no. 43 at 6-7) (citing *Nicusor-Remus v. Sessions*, 902 F.3d 895, 898 (9th Cir. 2018) ("[T]he denial of an asylum application in asylum-only proceedings 'finalizes' DHS's removal order of a VWP entrant because the VWP entrant is entitled to no other forms of relief."); *Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008) (Easterbrook, J.) (construing "the final disposition of an asylum-only proceeding" in VWP case as the "final order[] of removal"); *Shehu v. Attorney Gen. of U.S.*, 482 F.3d 652, 656 (3d Cir. 2007) ("[D]enial of a VWP applicant's petition for asylum . . . constitutes 'a final order of removal,' . . . as the alien is entitled to no further process before deportation.");

> *Kanacevic v. I.N.S.*, 448 F.3d 129, 134 (2d Cir. 2006) ("[B]ecause of the truncated rights available to a Visa Waiver Applicant, the denial of the asylum application is in effect a final order of removal."); *Nreka v. United States Atty. Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) ("The denial of an asylum application in a VWP proceeding is so closely tied to the removal of the alien that it can be deemed. . . a final order of removal."); *Salomao v. Garland*, No. 20-1856, 2022 U.S. App. LEXIS 11888, 2022 WL 1301773, at *3 (4th Cir. May 2, 2022) ("[D]enying a VWP participant's relief in an asylum-only proceeding functions like a final order of removal.")). "As one appellate court explained, courts must distinguish between the 'removal order' (i.e., DHS's determination that a VWP entrant is removable) and the action that makes the removal order 'final'—the immigrant judge's denial of asylum (or any other form of available relief)." (*Id.*) (quoting *Nicusor-Remus*, 902 F.3d at 898). Therefore, under the reasoning of these courts, if a VWP participant like Petitioner applies for asylum, the VWP FARO will not become final unless and until the asylum claim is denied.

*Amm v. Thompson*, No. SA-25-cv-01210-FB, 2025 U.S. Dist. LEXIS 232341, at *6-8, 2025 WL 3296315 (W.D. Tex. Nov. 26, 2025).

Petitioner has not disputed that he withdrew his asylum application. The Court finds his withdrawal has the same effect as a denial. In the same filing wherein Petitioner's counsel raised the argument that a FARO is lacking, she states that Petitioner's appeal was based on alleged "procedural irregularities and due process violations in the course of his arrest and detention." (R. 12, PageID# 134). Petitioner's Notice of Appeal seeks to appeal a May 2026 Immigration Judge's decision in merits proceedings. (R. 27-3, PageID# 249).[5]

By its very terms Petitioner's BIA appeal stated "[t]his appeal is based on a due process violation, which presents a question of law." (R. 27-3, PageID# 250). As quoted above, the Sixth

[5] DHS filed its motion for summary dismissal with the BIA arguing that Condappa's argument is outside the scope of "asylum-only" proceedings. Pursuant to 8 C.F.R. § 1003.1(d)(2)(i), "a single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which … [t]he only reason for the appeal specified by the party concerned involves a finding of fact or a conclusion of law that was conceded by that party at a prior proceeding [or] … [t]he Board is satisfied, from a review of the record, that the appeal is filed for an improper purpose, such as to cause unnecessary delay…."

Circuit Courts of Appeals stated in Condappa's case that "federal courts lack jurisdiction over non-asylum-based, due-process challenges to the removal of a VWP visitor" like Condappa. (R. 27-8, PageID# 330). To the extent Petitioner's pending BIA appeal raises issues unrelated to asylum, this Court has no position on whether those issues were properly raised before the BIA. Further, Petitioner's Notice of Appeal before the BIA asserts that "Respondent was forced into asylum-only proceedings on February 27, 2026, prior to the issuance of a Final Administrative Removal Order. A Final Administrative Removal Order was not issued until May 11, 2026." (R. 27-3, PageID# 250).[6] Thus, not only did Petitioner concede that a FARO exists, but also it is clear that his appeal is not challenging any determination with respect to his asylum claim.

Petitioner's opposition brief to the motion to expedite before the BIA is similarly bereft of any argument that Petitioner did not withdraw his asylum claim, or that such withdrawal was retracted or coerced. (R. 27-6, PageID# 295-99). The opposition brief states:

> DHS asserts Respondent cannot file an appeal with the BIA because the BIA does not have jurisdiction to entertain a claim that is unrelated to the asylum-only proceedings Respondent was forced into by ICE Officer Seth Bereznay. As the Sixth Circuit has foreclosed "non-asylum-based, due process challenges to the removal of a VWP" entrant, Respondent appears to be without recourse to challenge the failure to establish removability. *Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007).

(R. 27-6, PageID# 295).

Thus it appears Petitioner is arguing before the BIA that he should be permitted to raise non-asylum based challenges in his appeal to avoid an injustice. The question of what issues may be properly raised in the BIA appeal is not for this Court to resolve. However, the opposition brief makes clear that the gravamen of the appeal has nothing to do with asylum (R. 27-6,

---

[6] Petitioner's Notice of Appeal before the BIA was filed by attorney Michael Ede. (R. 27-3, PageID# 251).

PageID# 295-99). Instead, it argues that Petitioner was allegedly inappropriately forced into asylum-only proceedings, or that other procedural irregularities occurred *prior* to his asylum claim (but *unrelated* to his asylum claim). *Id*. Petitioner's assertions in his BIA notice of appeal and opposition brief are not germane to this § 2241 petition. What is significant, for this Court's purposes, is that Petitioner's appeal is clearly *not challenging the withdrawal of his asylum claim, or making any argument that he is eligible for asylum*. As such, it is clear his asylum claim has concluded.

Therefore, consistent with the authority cited above in *Amm*, in this VWP case, the FARO became final when Petitioner withdrew his asylum claim. While Petitioner has conclusively demonstrated that an appeal is pending before the BIA, this appeal, on its face, has no connection to an ongoing request for asylum. Under the rather peculiar circumstances of this case, the Court finds that Petitioner's withdrawal of his asylum application in asylum-only proceedings, coupled with an appeal that does not raise any asylum-related questions, has resulted in the conclusion of his asylum-based proceedings, thereby rendering Petitioner subject to a FARO.

As such, Petitioner's custody is pursuant to § 1231, and his argument—that his detention violates 8 U.S.C. § 1226(a) because he was not afforded a bond hearing—is not well taken.

## IV. Conclusion

The Court has carefully reviewed the Report and Recommendation and Respondent's objections, as well as the subsequent filings. The Court declines to adopt the R&R because of intervening developments, namely Petitioner's withdrawal of his asylum application.

For the foregoing reasons, the petition is DENIED.

IT IS SO ORDERED.

Date: October 15, 2026

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge